JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Kathleen A. Sutula that denied Andrew Fortson's delayed motion for a new trial after his conviction for aggravated murder. He claims he presented new evidence that could not have been discovered prior to the deadlines under Crim.R. 33, and that the new evidence compels a new trial. We affirm.
 {¶ 2} In May of 2000 Fortson was convicted of aggravated murder for the 1978 killing of Elaine Lovett. The conviction was obtained after a twenty-two year delay during which evidence of his guilt came forth. In 1986, Fortson's original alibi witness recanted her statement and said that she provided him an alibi out of fear for her life. In 1991 his daughter told police that he admitted killing Lovett, and in 1999 fingerprints taken at the crime scene were matched to Fortson's half-brother, Robbie Robertson, and to his first cousin, Charles Tolliver. After his conviction was affirmed on appeal,[1] Fortson filed a delayed motion for a new trial, pursuant to Crim.R. 33.
 {¶ 3} The motion, filed November 4, 2002, came over two years after he was found guilty and over a year after his conviction was affirmed on appeal. Therefore, under Crim.R. 33(B), Fortson was required to show, by clear and convincing proof, that he was "unavoidably prevented from filing his motion" or that he was "unavoidably prevented from the discovery of the evidence" forming the basis for the motion. He attached four affidavits as new testimony, and claimed the dates of the affidavits alone showed that he could not have discovered the evidence within the 120 day deadline stated in Crim.R. 33(B). In addition, he presented evidence that one witness, Robert Caver, was in prison until June 19, 2002, and claimed that this prevented discovery of his testimony.
 {¶ 4} Caver's affidavit stated that he is the uncle of Fortson's daughter, Andee Caver, and the brother of her mother, Brenda Caver, both of whom testified at Fortson's trial. He stated that Andee told him that prosecutors coerced her into testifying falsely against Fortson, and that she was afraid the prosecutors would incarcerate her or remove her children if she did not cooperate. He stated that he convinced her to recant her testimony by explaining that prosecutors could not carry out their threats and that he also persuaded his sister, Brenda, to recant her false trial testimony.
 {¶ 5} During trial, Andee testified that, in 1991, she told police that her father had admitted killing Lovett and, that when she was identified as a witness, Fortson encouraged her to move to California to avoid testifying at his trial. Similarly, Brenda Caver had testified at trial that Fortson contacted her after she was subpoenaed and suggested that she and Andee not appear as witnesses, and that he offered to pay for them to take a trip to California.
 {¶ 6} Andee Caver's affidavit recanted her testimony about her father's admission, and she stated that prosecutors coerced her into testifying through incarceration, threats of incarceration, and threats concerning her children. Brenda Caver also recanted her testimony and stated that she was coerced into testifying. The Cavers' affidavits were dated June 25, 2002 and June 26, 2002, respectively, and Robert Caver's affidavit was dated September 16, 2002.
 {¶ 7} Fortson also attached the affidavit of Glenda Anderson, aka "Chris," which stated, most importantly, that she was alive. At trial, Jacque Conners, aka Tina Heimer, had testified that Anderson had disappeared in July or August 1978, and that her car had been discovered with its interior "sliced up," but her body was never found.[2]
Anderson's affidavit not only stated that she was alive, but also suggested that Conners had seen her since her supposed disappearance in 1978. Anderson's affidavit, dated June 24, 2002, also stated that she had an ongoing relationship with Fortson, who had opened a business in California and given her a job there.
 {¶ 8} The judge found that Fortson had failed to show either that he was unavoidably prevented from discovering the evidence in the affidavits or that the evidence would have had an effect on the outcome of his trial. Moreover, she found that Andee Caver's and Brenda Caver's recantations were not material to the outcome because the jury knew they were unwilling witnesses at the time they testified. Therefore, the judge concluded, their new affidavits would not appreciably affect the jury's assessment of their credibility because the allegations of prosecutorial coercion would have to be balanced against trial testimony that they were afraid of Fortson's retribution. The judge also rejected claims of prosecutorial misconduct and ineffective assistance of counsel, and denied the motion for new trial.
 {¶ 9} Fortson's three assignments of error on appeal all concern his claims of newly discovered evidence and the affidavits of Robert Caver, Andee Caver, Brenda Caver, and Glenda Anderson. The assignments, attached as Appendix A, essentially challenge the judge's finding that Fortson failed to show that the new evidence could not have been timely discovered, and her alternative finding that the evidence would not affect the outcome of the trial.
 {¶ 10} An untimely motion for new trial based on newly discovered evidence must show, by clear and convincing proof, that the defendant was "unavoidably prevented" from discovering the new evidence.[3] We review the denial of a Crim.R. 33 motion for abuse of discretion.[4] Fortson claims the dates of the affidavits themselves show he was unavoidably prevented from discovering the evidence sooner, and that Robert Caver's incarceration until June 2002 prevented the earlier discovery of his testimony.
 {¶ 11} The phrases "unavoidably prevented" and "clear and convincing proof" do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner. The affidavits of Andee and Brenda Caver do not state convincing reasons why they failed to recant their testimony for over two years after Fortson's conviction. Andee Caver's affidavit states no reason for the delay, while Brenda Caver's affidavit stated that she was coming forward because she retained a lawyer. Although Robert Caver's affidavit states that he was able to convince his sister and his niece that the prosecutors could not carry out their threats against them, neither woman's affidavit refers to him. Moreover, the judge reasonably could have found this justification unlikely[5] and rejected it as failing to provide clear and convincing proof. Fortson essentially claims that he was unavoidably prevented from discovering the new testimony because Andee and Brenda Caver could not recant their testimony until Robert Caver could convince them to do so, which he could not do until his release from prison. The judge did not abuse her discretion in finding this argument unconvincing.
 {¶ 12} Glenda Anderson's affidavit, which refutes an implication made at trial that she had been murdered by Fortson, also fails to give any reason why it could not have been obtained sooner. The affidavit's reference to Fortson's giving her a job in California suggests that Fortson knew she was alive and that he also knew her general whereabouts, thereby raising a question concerning the reason for the delay. Furthermore, the clear and convincing requirement places the burden on the defendant to show he was unavoidably prevented from timely discovery of evidence. This means the defendant must present that evidence; the judge is not required to make suppositions about the reasons for the delay.
 {¶ 13} The judge's alternative holding concerning Andee Caver's and Brenda Caver's affidavits was also justified. Newly discovered evidence must do more than merely impeach or contradict evidence at trial, and there must be some compelling reason to accept a recantation over testimony given at trial.[6] The judge must assess the credibility of both the original testimony and the recantation, and then determine whether the recanted testimony would have a material effect on the outcome of trial.[7]
 {¶ 14} The circumstances of the Cavers' original testimony do not show that an allegation of prosecutorial coercion would have had a great effect because the jury was already aware of their reluctance to testify. Moreover, even though their affidavits claim prosecutors coerced them into testifying falsely, their new claims would have to be assessed in light of testimony that they were reluctant to testify because they feared Fortson. The judge did not abuse her discretion in finding the recanted testimony and the claims of prosecutorial coercion unconvincing. We overrule Fortson's assignments of error.
Judgment affirmed.
APPENDIX — ASSIGNMENTS OF ERROR
 {¶ 15} "I. The Court Abused Its Discretion When It Denied Appellant An Evidentiary Hearing And A New Trial, After Reviewing The Factual Based Facts Through The Institutional Release Papers Of Robert Caver And Affidavits As Well From Robert Caver, Brenda Caver And Andee Caver, The Court Still "Refuse" To Acknowledge The Appellant's Reasoning Through His New Evidence As Proof, He Was Unavoidably Prevented From Discovering The Existence Of The Evidence Supporting The Grounds For His New Trial Motion."
 {¶ 16} "II. The Court Abused Its Discretion When It Reviewed The Affidavits And The Video Tape Personally Addressing The Court Exposing Perjury By "3" States Witnesses, Along With The Prosecutor, It Still Fail To Grant An Evidentiary Hearing And/or A New Trial."
 {¶ 17} "III. The Court Abused Its Discretion When After Reviewing All The New Evidence, Did Not Acknowledge Coercion, Intimidation, Prejudice, Ineffective Assistance, And Tampering With Evidence As Proof The Appellant Received An Unfair Trial And Should Have Been Granted A New Trial And/or An Evidentiary Hearing."
FRANK D. CELEBREZZE JR., J., And JAMES J. SWEENEY, J., CONCUR
[1] State v. Fortson (Aug. 2, 2001), Cuyahoga App. No. 78240. Further details on the facts of this case can be obtained here, and in State v.Tolliver (2001), 146 Ohio App.3d 186, 765 N.E.2d 894.
[2] Fortson I, supra.
[3] Crim.R. 33(B).
[4] State v. Hawkins (1993), 66 Ohio St.3d 339, 350,612 N.E.2d 1227.
[5] See, e.g., State v. Calhoun, 86 Ohio St.3d 279, 284,1999-Ohio-102, 714 N.E.2d 905 (judge is entitled to assess credibility of affidavits from record and surrounding circumstances).
[6] State v. Mack (Oct. 28, 1999), Cuyahoga App. No. 75086; Toledo v.Easterling (1985), 26 Ohio App.3d 59, 62, 26 OBR 233, 498 N.E.2d 198.
[7] Id.