JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Eugene Sawyer ("appellant") appeals from an order of the Cuyahoga County Court of Common Pleas that denied his motion for an order finding that he was prevented from participating in discovery. For the reasons stated below, we affirm.
 {¶ 3} On February 22, 2002, appellant was convicted of corrupting another with drugs, in violation of R.C. 2925.02, and child endangerment, in violation of R.C. 2919.22. The convictions stemmed from allegations by appellant's fourteen-year-old daughter, K.S., that she and appellant had smoked crack cocaine together on numerous occasions. On March 13, 2002, appellant was sentenced to concurrent terms of seven and four years.
 {¶ 4} On appeal to this court, appellant's child endangering conviction was modified from a felony to a first-degree misdemeanor. The case was then affirmed in part, reversed in part, and remanded for resentencing consistent with the modified judgment.[1]
 {¶ 5} On November 15, 2002, appellant filed a petition for postconviction relief and, pursuant to Crim.R. 33(B), a "motion for court order finding that he was unavoidably prevented from discovery evidence." On February 6, 2003, plaintiff-appellee State of Ohio ("state") filed a motion for summary judgment. On March 4, 2003, the state's motion for summary judgment was granted and appellant's petition was dismissed.[2] On or about March 22, 2004, appellant's Crim.R. 33(B) motion was denied.
 {¶ 6} It is from the denial of his Crim.R. 33(B) motion that appellant advances one assignment of error for our review.
 I. {¶ 7} In his sole assignment of error, appellant argues that "the trial court abused its discretion when denying [his] motion for court order finding that he was unavoidably prevented from discovery of evidence." We disagree.
 {¶ 8} Crim.R. 33 concerns the procedures and requirements surrounding a motion for new trial. Crim.R. 33(B) states, in part, that:
"Application for a new trial shall be made by motion which,except for the cause of newly discovered evidence, shall be filedwithin fourteen days after the verdict was rendered * * * unlessit is made to appear by clear and convincing proof that thedefendant was unavoidably prevented from filing his motion fornew trial * * *. Motions for new trial on account of newlydiscovered evidence shall be filed within one hundred twenty daysafter the day upon which the verdict was rendered * * *. If it ismade to appear by clear and convincing proof that the defendantwas unavoidably prevented from the discovery of the evidence uponwhich he must rely, such motion shall be filed within seven daysfrom an order of the court finding that he was unavoidablyprevented from discovering the evidence within the one hundredtwenty day period."
 {¶ 9} The record reveals that appellant failed to file a motion for new trial within 14 days following the verdict against him. Therefore, his only opportunity to obtain a new trial is to show, by clear and convincing proof, that he was "unavoidably prevented" from filing his motion for new trial or discovering the new evidence upon which he must rely. See State v. Fortson,
Cuyahoga App. No. 82545, 2003-Ohio-5387. Appellate review of the denial of a Crim.R. 33 motion is under an abuse of discretion standard. State v. Hawkins (1993), 66 Ohio St.3d 339.
 {¶ 10} Appellant argues that he was unavoidably prevented from discovering new evidence. The "new evidence" in this case is K.S.'s recantation of the allegations of criminal activity made by her against appellant. Specifically, K.S. submitted an affidavit on behalf of appellant stating that her testimony at trial was a lie and that she never smoked crack cocaine with her father. Rather, she lied because she was upset with her father for being too strict. K.S.'s recantation did not occur until November 11, 2002.
 {¶ 11} This court has previously held that "[n]ewly discovered evidence must do more than merely impeach or contradict evidence at trial, and there must be some compelling reason to accept a recantation over testimony given at trial."[3] Appellant argues there are compelling reasons to accept K.S.'s recantation. Particularly, in addition to K.S. admittedly lying on a regular basis, appellant points out that K.S. ran away from home, threw regular tantrums, previously alleged he had molested her, and was allegedly treated for psychiatric problems. Further, appellant argues that K.S. stated, along with her recantation, that she felt pressured by the prosecutor to testify against appellant at trial. Appellant advances that this behavior suggests a person who was not in a proper state of mind and whose allegations should not be trusted. We do not find these reasons, alone, to be compelling enough to find the trial court abused its discretion by denying appellant's motion.
 {¶ 12} The trial court must assess the credibility of both the original testimony and the recantation. Fortson, supra. In the case sub judice, appellant cannot seek a finding that a witness's testimony is credible only when that testimony is conducive to his position. There is nothing in the record to suggest that the behavior complained of at trial is no longer exhibited by K.S. Therefore, her credibility now is equally as questionable as it was at trial.
 {¶ 13} Further, K.S. was cross-examined on the day of trial and appellant had every opportunity to impeach her testimony. The fact that the jury chose to believe one side over the other is not, per se, error. We find nothing in the record to suggest the trial court abused its discretion in finding K.S.'s recantation unconvincing.
 {¶ 14} Appellant's sole assignment of error is overruled.[4]
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and George, J.*, concur.
*Sitting by assignment, Judge Joyce J. George, retired, of the Ninth District Court of Appeals.
[1] State v. Sawyer, Cuyahoga App. No. 81133, 2003-Ohio-1720.
[2] Appellant failed to appeal from this decision.
[3] Fortson, supra, citing State v. Mack (Oct. 28, 1999), Cuyahoga App. No. 75086; Toledo v. Easterling (1985),26 Ohio App.3d 59, 62.
[4] An additional reason why the court did not abuse its discretion is that "the phrases `unavoidably prevented' and `clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." Fortson, supra; State v. Williams, Butler App. No. CA2003-01-001, 2003-Ohio-5873. In this case, K.S. was always available. K.S.'s recantation in November 2002 does not constitute "newly discovered evidence" under Crim.R. 33(B).