JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner Pierre Yates appeals from the judgment of the trial court that denied his petition for postconviction relief. For the reasons set forth below, we affirm.
 {¶ 2} Petitioner was indicted on one count of aggravated murder in violation of R.C. 2903.01 with firearm specifications in connection with the killing of his cousin, Jonathon McIntosh on December 17, 2004. Following a jury trial, defendant was convicted of the lesser-included offense of murder and the two firearm specifications. He was sentenced to a prison term of twenty-three years to life. See State v. Yates, Cuyahoga App. No. 86631, 2006-Ohio-3004. The conviction and sentence were affirmed upon direct appeal to this court. Id. In relevant part, this court noted:
 {¶ 3} "A salesman from a sporting goods store testified from a receipt that on October 28, 2004, he sold to a person who signed as Pierre Yates and who was listed as five feet eight inches tall and weighing 178, a Hi-Point nine-millimeter gun with the serial number P1226831. It was packaged in a cardboard box. The salesman identified a cardboard box found in defendant's vehicle as a box for a Hi-Point firearm. The box bore the same serial number listed on the sales receipt. From the glove compartment of this vehicle, furthermore, police recovered a purchase receipt for a Hi-Point nine-millimeter firearm.
 {¶ 4} "The police found six spent casings: five near the body and one `on the street on the curb.' They were each marked `Geco nine millimeter Luger.'" A forensic specialist stated it was possible the shell casings found at the scene could *Page 4 
have been fired by a Hi-Point nine-millimeter gun, the same type of gun defendant bought.
 {¶ 5} "From the vehicle defendant had been driving, the police recovered eight live rounds of ammunition on the front passenger's seat, one live round on the floor to the right of the driver's seat, and another round from under the front passenger's seat. This ammunition was for a nine-millimeter weapon (Tr. 346-349) and all bore the Geco head stamp. Thus the type of ammunition found in defendant's vehicle was the same type as the casings found around the victim's body.
 {¶ 6} "There was also forensic evidence of gunshot residue found on the defendant's left hand. Moreover, blood found on the car defendant drove, specifically from the interior and exterior handles on the driver's side, was found by DNA analysis, with a reasonable degree of scientific certainty, to consist of the victim's blood, mixed with that of defendant. The victim's blood was also on a coat found in the trunk of that car." Id.
 {¶ 7} On January 13, 2006, petitioner sought postconviction relief and presented ten claims for relief. In relevant part, his eighth claim for relief asserted that his trial counsel was ineffective for failing to acquire and investigate crucial evidence and remaining on the case in light of these alleged failures. The ninth claim for relief asserted that his trial counsel was ineffective for failing to file motions for expert assistance to investigate DNA and ballistics evidence and in failing to seek dismissal of the charges based upon a claim of mistaken identity. He further *Page 5 
asserted that his trial counsel was ineffective for remaining on the case in light of these alleged failures.
 {¶ 8} The trial court denied the petition and determined, in relevant part as follows:
 {¶ 9} "In his eighth claim for relief, defendant contends that defendant's trial counsel were ineffective for failing to recuse themselves, and were ineffective for failing to investigate the charges in this case. Similarly, defendant contends that his trial counsel was ineffective for failing to seek expert assistance to investigate DNA and ballistics evidence, and to seek dismissal of charges based upon what defendant believes was a `mistaken identification based on video of what defendant was wearing.' As an initial matter, the Court notes that defense counsel were not ineffective for failing to seek dismissal due to a misidentification of defendant based on video evidence of the clothes defendant was wearing at the automobile accident. Defense counsel did move for acquittal at the close of the state's case — and after the testimony that the defendant disputes had been offered — pursuant to Crim. R. 29, which the Court denied. (Tr. 634-638.) In his closing arguments, Defense counsel argued to the jury that the clothes worn by defendant at the automobile accident were different than the shooter's clothing described by witnesses. (Tr. 696.) These arguments were not compelling, however, and the jury convicted defendant. Defendant's argument that defense counsel failed to seek dismissal of charges based on a purported misidentification is factually incorrect and therefore without merit. *Page 6 
 {¶ 10} "The standard of review for ineffective assistance of counsel is: one, whether the representation of trial counsel fell below an objective standard of reasonableness and two, whether the defendant was prejudiced as a result of the deficient performance. Under this standard the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced him so as to deprive him of a fair trial. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. Defendant has not offered any actual evidence apart from speculation in support of any of his claims. He therefore has failed to demonstrate that either his trial counsel's representation was objectively unreasonable, or that defendant was prejudiced as a result of their performance."
 {¶ 11} Petitioner now appeals and assigns two errors for our review.
 {¶ 12} For his first assignment of error, petitioner asserts that the trial court erred in failing to file separate conclusions of law for the eighth and ninth claims for relief.
 {¶ 13} This claim was considered in State v. Martin, Warren App. Nos. CA2003-06-065, and CA2003-06-066, 2004-Ohio-702, wherein the court stated:
 {¶ 14} "R.C. 2953.21(C) explicitly requires a trial court to make findings of fact and conclusions of law when denying relief on a petition for postconviction relief.
 {¶ 15} "Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is `whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' * * * The findings and conclusions of the trial court *Page 7 
should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. They should be `* * * explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'" State v. Clemmons (1989), 58 Ohio App.3d 45, 46,568 N.E.2d 705 (citations omitted).
 {¶ 16} "In the present case, the trial court issued a two-page judgment entry addressing each of appellant's claims and explaining why they were without merit. Upon review, we conclude that the trial court's judgment entry includes adequate findings of fact and conclusions of law to satisfy the requirements of R.C. 2953.21(C)."
 {¶ 17} Similarly, in this matter, the judgment entry in this case merged its discussion of the claims eight and nine since they were interrelated and both presented claims of ineffective assistance of counsel. We conclude that the trial court fully addressed those claims and plainly satisfied the requirements of R.C. 2953.21(C).
 {¶ 18} This assignment of error is therefore without merit.
 {¶ 19} For his second assignment of error, petitioner asserts that the trial court omitted "key facts" from its findings of fact and conclusions of law. Our review of this matter convinces us that the omitted items were either in fact mentioned by the court or are not germane to a resolution of the claims of the petition. We therefore reject this assignment of error. *Page 8 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1