[Cite as *State v. Yates*, 2011-Ohio-4962.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96664**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PIERRE YATES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-460767

**BEFORE:** Cooney, J., Jones, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**FOR APPELLANT**

Pierre A. Yates, pro se
Inmate No. 484-276
Trumbull Correctional Institution
P.O. Box 901
5701 Burnett Road
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113




COLLEEN CONWAY COONEY, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Pierre Yates ("Yates"), pro se, appeals the trial court's denial of his motion for leave to file a motion for a new trial. Finding no merit to the appeal, we affirm.

{¶ 2} In May 2005, Yates was convicted of murder with two firearm specifications. He was sentenced to three consecutive terms for a total of 23 years to life

in prison. His conviction and sentence were affirmed by this court in *State v. Yates*, Cuyahoga App. No. 86631, 2006-Ohio-3004. This court also affirmed the trial court's denial of his petition for postconviction relief in *State v. Yates*, Cuyahoga App. No. 91580, 2009-Ohio-609.

{¶ 3} In June 2009, Yates filed a motion for leave to file a delayed motion for a new trial, which the trial court denied in March 2011.

{¶ 4} Yates now appeals, arguing in his sole assignment of error that the trial court abused its discretion by not granting him leave to file a delayed motion for a new trial based on newly discovered evidence.

{¶ 5} A ruling on a motion for leave to file a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Pinkerman* (1993), 88 Ohio App.3d 158, 623 N.E.2d 643; *State v. Wright* (1992), Greene App. No. 90CA135. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 6} Crim.R. 33(B) states, in pertinent part:

"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by *clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely*, such motion shall be filed within seven days from an order of the court finding that he was

unavoidably prevented from discovering the evidence within the one hundred twenty day period." (Emphasis added.)

{¶ 7}   In Yates's motion for a new trial, he characterized the 2008 changes made to R.C. 2901.05[1] and 2901.09,[2] through Senate Bill 184, as "newly discovered evidence" justifying a new trial.   He claimed that he was unavoidably prevented from the discovery of this "evidence" because the Ohio Revised Code was not changed until 2008.   Yates did not argue how these changes affected his conviction or sentence.   For the first time in his appellate brief, he argues that the changes would retroactively render his conviction contrary to law.   Yates's motion made no reference to any direct evidence regarding the actual crime.

{¶ 8}   Yates also failed to explain in his motion why he waited seven months after the amendments were enacted to file his motion.   This issue was addressed in *State v. Coon*, Jackson App. No. 04CA5, 2005-Ohio1973, ¶12-18.   Coon filed a motion for leave to file a delayed motion for a new trial based on changes made to the Ohio Administrative Code that he argued applied to his case.   However, he waited six months after the change in the rules to file his motion for leave.   The court held that:

> "Coon offered no explanation as to why he then waited over six months after the effective date of the rule to file his motion.   In the absence of clear and convincing proof that Coon was unavoidably prevented from filing his motion

---

[1]   Presumption of innocence; proof of offense; of affirmative defense; as to each; reasonable doubt.

[2]   No duty to retreat.

during that time, we cannot say that the trial court abused its discretion in determining that Coon's motion was not timely filed."

{¶ 9} As is the situation in the instant case, Yates offered no explanation for waiting over seven months before filing his motion. Having failed to establish by way of clear and convincing proof that he was unavoidably prevented from filing his motion during those seven months, this court cannot say that the trial court abused its discretion in denying his motion.

{¶ 10} Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR