[Cite as *State v. Fortson*, 2014-Ohio-3720.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100707

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDREW FORTSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-385443-A

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**FOR APPELLANT**

Andrew Fortson, pro se
Inmate No. 388-815
2500 South Avon-Belden Road
Grafton Correctional Institution
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Defendant Andrew Fortson appeals from the trial court's decision denying his Crim.R. 33(B) motion for leave to file a delayed motion for new trial. For the following reasons, we affirm.

**{¶2}** The facts of Fortson's case have been amply set forth in his direct appeal from the jury trial that culminated in his conviction, in *State v. Fortson*, 8th Dist. Cuyahoga No. 78240, 2001 Ohio App. LEXIS 3404 (Aug. 2, 2001), and again in his attempt to reopen his appeal in *State v. Fortson*, 8th Dist. Cuyahoga No. 78240, 2001 Ohio App. LEXIS 5576 (Dec. 11, 2001). On November 4, 2002, Fortson filed his first, unsuccessful motion with the trial court pursuant to Crim.R. 33(B), claiming that the affidavits of Robert Caver, Andee Caver, Brenda Caver, and Glenda Anderson produced in 2002 constituted new evidence. *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387 ("*Fortson II*"). This court, however, determined that Fortson failed to demonstrate that he was unavoidably prevented from discovering the new evidence, holding that the "judge is not required to make suppositions about the reasons for the delay." *Id.* at ¶ 12. None of the witnesses stated the reason for any delay in coming forward, and the mere fact that the affidavits were not obtained sooner is insufficient to support the claim that a defendant was unavoidably prevented from obtaining the evidence from those witnesses. *Id.* In simple terms, the focus of the inquiry is not on the defendant's ability to obtain the particular document, but upon the defendant's ability to discover the content of the documents.

{¶3} Almost 13 years after his conviction, Fortson once again filed a motion for leave to file a delayed motion for a new trial, claiming that he received, through a public records request, the 1978 notes from the police department's initial investigation, including the notes of several witness interviews and one witness statement. Fortson claims that until 2012, he was unable to obtain the police records, and therefore, the trial court should allow him to file a delayed motion for a new trial based on newly discovered evidence. The trial court denied the motion for leave without a hearing, and Fortson timely appealed, advancing three assignments of error generally challenging the trial court's decision to deny him leave to file a delayed motion for a new trial.[1] Fortson's arguments are without merit.

{¶4} Crim.R. 33 provides, in relevant part, that a "new trial may be granted on motion of the defendant * * * [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Further, a motion for a new trial may be considered if the trial court determines that the defendant proved by clear and convincing evidence that he was "unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B). A trial court does not err in denying leave to file a delayed

---

[1]Fortson's assignments of error actually address issues well beyond the scope of appeal. For example, Fortson appealed the trial court's decision denying his delayed motion for a new trial, filed contemporaneously with his motion for leave; the trial court's failure to offer Fortson the opportunity to file a reply brief in response to the state's brief in opposition to Fortson's motion for leave; and Fortson's conviction based on certain *Brady* violations. The sole entry appealed is the trial court's decision to deny Fortson leave without a hearing. All other arguments beyond that issue are overruled as being beyond the scope of the trial court's decision.

motion for a new trial if that decision is supported by competent, credible evidence. *State v. Wheat*, 8th Dist. Cuyahoga No. 93671, 2010-Ohio-4120, ¶ 23.

{¶5} Fortson solely relies on the fact that he did not receive the investigative notes and witness statement until 2012, and therefore, he was unavoidably prevented from discovering the evidence. Once again, Fortson is asking the trial court to assume that the evidence contained in the police report and witness statement was information that he was unavoidably prevented from discovering in a timely fashion by reason that the documents themselves were unavailable to him. *Fortson II*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 12. Although it is self-evident that the police report was not produced until 2012, nothing in the record demonstrates that Fortson was unavoidably prevented from discovering the identity of the witnesses or the content of their statements. In fact, at least two of the witnesses who were interviewed by the police in 1978 testified or were known to Fortson at the time of trial.

{¶6} The trial court did not err in denying Fortson's motion for leave to file a delayed motion for a new trial. Fortson failed to even allege a factual basis for which the court could have determined, based on clear and convincing evidence, that he was unavoidably prevented from discovering witnesses' testimony from the investigative notes he recently obtained.

{¶7} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR