[Cite as *State v. McNeill*, 2016-Ohio-5463.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 15CA010774 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| FREDDIE MCNEILL | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 94CR45440 |

DECISION AND JOURNAL ENTRY

Dated: August 22, 2016

HENSAL, Judge.

{¶1} Freddie McNeill appeals a judgment of the Lorain County Court of Common Pleas that denied his application for leave to file a motion for new trial and his motion for new trial. For the following reasons, this Court affirms.

I.

{¶2} In 1995, a jury convicted Mr. McNeill of aggravated murder, and the trial court sentenced him to death. In 2011, Mr. McNeill applied for leave to move for a new trial, alleging that he was unavoidably prevented from discovering evidence, which he now alleges supports his motion for a new trial. He also filed a motion for new trial at the same time as he filed his application for leave, alleging that the State failed to disclose to him an audio tape in its possession. The audio tape is alleged to establish that one of the witnesses who identified him at trial was unable to identify him in a photo line-up. Mr. McNeill also alleged that the State failed to provide him with a police report, the contents of which mentioned that this same witness had

not picked Mr. McNeill out of the photo array. According to Mr. McNeill, he did not know that the audio tape or police report existed until a federal court ordered the State to turn its entire file over to him.

{¶3} The State opposed Mr. McNeill's application for leave, arguing that his motion for new trial would be untimely under Criminal Rule 33(B) and that he had not shown by clear and convincing evidence that he was unavoidably prevented from discovering the evidence which he now alleges supports his motion for a new trial. The State also argued that Mr. McNeill failed to establish that any of the evidence he had discovered was new and that his arguments were barred under the doctrine of law of the case. In his reply, Mr. McNeill repeated his assertion that he did not know about the audio tape or police report until a federal court allowed him to obtain the police department's complete file on his case. According to Mr. McNeill, when he went through the file, he immediately noticed that there appeared to be more audio tapes than had been disclosed to him. He, therefore, asked his trial counsel to check whether the tape with the information about the photo array had been given to them before trial. After his trial counsel confirmed that it was a different tape, he filed his application for leave to file a motion for new trial, arguing that his application should be granted because of this evidence, which he claims is newly discovered.

{¶4} The trial court denied Mr. McNeill's application, noting that the federal court granted him access to his police file in 2007. Mr. McNeill did not obtain an affidavit from his trial counsel in support of his motion, however, until June 23, 2011, and did not apply for leave to file a motion for new trial until September 23, 2011. It found that Mr. McNeill had failed to explain why it took him more than four years from the federal court order to file his motion. In particular, it found that he had failed to explain why only his former trial counsel could confirm

whether the audio tape was newly discovered evidence, why his trial counsel took four years to review the matter, or why it took him three months after obtaining his counsel's affidavit to seek leave to file his motion. The court, therefore, concluded that the application for leave was untimely under Criminal Rule 33(B). It also concluded that, even if it considered Mr. McNeill's motion for new trial, there was not a strong possibility that the evidence would change the result of a new trial. It, therefore, denied Mr. McNeill's application for leave and his motion for new trial. Mr. McNeill has appealed, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED THE NEW TRIAL MOTION ON A BASIS NOT RAISED BY THE STATE OF OHIO AND TO WHICH APPELLANT WAS GIVEN NEITHER NOTICE FOR (SIC) THE OPPORTUNITY TO RESPOND.

{¶5} Mr. McNeill argues that the trial court incorrectly denied his application for leave to file a motion for new trial on a basis that the State did not raise in its opposition to his motion. Mr. McNeill asserts that the State opposed his application on the basis that it was not filed within 120 days of the jury's verdict. He argues that the court denied his application, however, because he did not explain why it took so long for his trial counsel to review the newly discovered evidence. According to Mr. McNeill, the trial court raised that issue sua sponte without giving him an opportunity to address it, in violation of his due process rights.

{¶6} Criminal Rule 33(A)(6) provides that a defendant may move for a new trial if he discovers "new evidence material to the defense * * * which the defendant could not with reasonable diligence have discovered and produced at the trial." Rule 33(B) provides that a motion for new trial that is based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict is rendered * * *." If, however, "clear

and convincing proof" establishes that the defendant was "unavoidably prevented" from discovering the evidence, the motion for new trial must be filed within seven days of an order of the court "finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.* Although Rule 33(B) does not provide a specific time limit for filing a motion for leave, a reasonableness standard applies. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49. "If there has been an 'undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay.'" *Id.*, quoting *State v. Griffith*, 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶ 15; *see also State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *4 (Apr. 6, 2001) ("[A] trial court may require a defendant to file his motion for leave to file a motion for new trial *within a reasonable time* after he discovers new evidence.").

{¶7} In its opposition brief, the State noted that Mr. McNeill submitted his motion for a new trial sixteen-and-a-half years after the jury's verdict, well beyond the 120-day deadline for newly discovered evidence. It noted that Rule 33(B), therefore, required Mr. McNeill to seek leave to file his motion before the court could reach its merits. The State also argued that Mr. McNeill had the burden of demonstrating that he was unavoidably prevented from discovering the alleged new evidence in a timely manner.

{¶8} It was Mr. McNeill's burden to show by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence he found and to establish in his application for leave that he filed the application within a reasonable time after discovering the evidence. *See State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 13 (examining Mr. Leyman's petition for leave to determine whether he had provided an

explanation for the "delay between discovery of the facts on which his petition is based and the filing of his petition[.]"); *State v. Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 11 (noting that Mr. Davis provided no explanation for why he waited seven months after discovering new evidence to file his motion for leave). The court "is not required to make suppositions about the reasons for the delay." *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 12.

{¶9} Whether a motion for leave to file a motion for a new trial was timely is "the threshold determination that must be made" by the court that is reviewing the motion. *State v. Trimble*, 11th Dist. Trumbull No. 2013-P-0088, 2015-Ohio-942, ¶ 18. We, therefore, conclude that the trial court did not violate Mr. McNeill's due process rights when it analyzed whether his application for leave was timely, even though the State did not challenge it on that basis. Mr. McNeill's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND A LACK OF DILIGENCE WHEN IT DENIED THE APPLICATION TO FILE A NEW TRIAL MOTION AND IN DOING SO FAILED TO ADDRESS AND CONSIDER THE STATE'S OVER A DECADE SUPPRESSION OF EXCULPATORY EVIDENCE, THE STATE'S MISREPRESENTATIONS TO THE COURTS REGARDING THE EXISTENCE OF EXCULPATORY EVIDENCE, THE REQUIREMENTS OF CRIM. R. 33, AND THE FEDERAL DISTRICT COURT'S DILIGENCE FINDINGS.

{¶10} Mr. McNeill argues that the trial court abused its discretion when it denied him leave to file a motion for new trial. He presents several arguments in support. He first argues that the court should have considered the State's improper conduct over many years within its timeliness analysis. He next argues that he could not know for certain that the new audio tape was, in fact, newly discovered, until his trial counsel reviewed it and confirmed that it was not the tape which had been previously disclosed. For this reason, he asserts that he needed to have

his trial counsel review the tape so that he knew whether he should present his argument as "prosecutorial misconduct" or "ineffectiveness" of counsel. He maintains that the trial court should have considered the fact that the federal court found that he had filed his application for leave within a reasonable period of time and analyzed whether collateral estoppel applied. Finally, he argues that the trial court misread the federal court's discovery order. That order directed Mr. McNeill to serve the police department with a record request within 60 days. The trial court, however, thought it directed the State to disclose the records within 60 days. Mr. McNeill, therefore, argues that the trial court's analysis was flawed based on its misinterpretation of the order.

{¶11} "A trial court's decision to grant or deny a motion for leave to file a delayed motion for new trial will not be reversed on appeal absent an abuse of discretion." *Davis*, 2013-Ohio-846, at ¶ 6. "An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id*. When applying this standard, we may not substitute our judgment for that of the trial court. *Id*.

{¶12} Mr. McNeill did not argue to the trial court that it should excuse his delay in filing an application for leave to file a motion for new trial because of the State's delay in getting the information to him. We will not address issues that are raised for the first time on appeal if they could have been raised in the trial court. *State v. Manso*, 9th Dist. Summit No. 26727, 2014-Ohio-1388, ¶ 7. Mr. McNeill also did not inform the trial court that a federal court had already found that his application was filed within a reasonable time. In fact, aside from Mr. McNeill's assertion in his brief, there is nothing in the record of this case that indicates that a federal court made such a determination.

**{¶13}** Regarding Mr. McNeill's assertion that he did not know whether the audio tape he uncovered was "newly discovered" until his trial counsel reviewed it, that does not answer why it took him until 2011 to obtain an affidavit from his trial counsel or why it took him another three months after obtaining the lawyer's affidavit to file his application for leave. Finally, since there is nothing in the record which would indicate that Mr. McNeill was unable to obtain the rest of his file from the State until more than 60 days after the federal court allowed him to obtain it, we conclude that the trial court's misreading of the federal court's order was, at most, harmless error. Accordingly, we conclude that Mr. McNeill has failed to demonstrate that the trial court abused its discretion when it denied his application for leave to file a motion for new trial. His second assignment of error is overruled. Mr. McNeill's third assignment of error, concerning the merits of his motion for new trial is moot, and it is overruled on that basis. *See* App.R. 12(A)(1)(c).

### III.

**{¶14}** The trial court did not violate Mr. McNeill's due process rights or exercise improper discretion when it denied him leave to file a motion for new trial. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT


CARR, P. J.
CANNON, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)


APPEARANCES:

ROBERT A. DIXON, Attorney at Law, for Appellant.

LAURENCE E. KOMP, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.