[Cite as *State v. Mock*, 2020-Ohio-3667.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 108837 |
| v. | : | |
| TYRONE MOCK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 9, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-597566-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha Forchione, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Tyrone Mock ("appellant") brings the instant appeal challenging the trial court's denial of his motion for leave to file a delayed motion for new trial. Appellant argues that the trial court erred by finding that he was not unavoidably delayed in discovering previously undisclosed jury questions

and answers and evidence of *Brady* violations.[1]  After a thorough review of the record and law, this court affirms the decision of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was convicted on a number of counts relating to a check fraud ring he had cultivated and was sentenced to a prison term totaling 13 years.[2] Appellant appealed his conviction and sentence, which were affirmed by this court. Appellant then appealed this court's decision to the Supreme Court of Ohio, which declined to accept jurisdiction.  *See State v. Mock, 06/06/2018 Case Announcements #2*, 2018-Ohio-2155, 99 N.E.3d 426.

{¶ 3} In pursuing postconviction remedies, appellant's prior appellate counsel, David N. Patterson ("Attorney Patterson"), conducted an investigation of the facts surrounding appellant's criminal case.  As part of his investigation, Attorney Patterson reviewed the detective's affidavit that was submitted to the common pleas court in support of a search warrant to install and monitor a GPS tracking device on appellant's vehicle.  From this review, Attorney Patterson determined that the statements of a confidential informant were the sole material factors in establishing probable cause to support the issuance of the search warrant. The detective's affidavit for the GPS tracking warrant noted that the confidential

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[2] For a thorough recitation of the underlying facts and prior procedural history of this matter, see this court's opinion in appellant's direct appeal, *State v. Mock*, 2018-Ohio-268, 106 N.E.3d 154 (8th Dist.).

informant signed a proffer letter and positively identified appellant from a photo lineup.

{¶ 4} Attorney Patterson then contacted the confidential informant's attorney, Mitchell J. Yelsky ("Attorney Yelsky"). From this conversation, Attorney Patterson determined that the confidential informant had not signed a proffer letter nor had she identified appellant from a photo lineup. Attorney Patterson surmised that the detectives and the state intentionally withheld relevant and material evidence from appellant and falsified facts and events in the affidavits for the search warrant in order to mislead the court.

{¶ 5} Attorney Patterson also conducted phone interviews with two women associated with appellant, Tammy Jordan and Brandon Fambro, in March and July 2018, respectively. Ms. Jordan provided an affidavit to Attorney Patterson, and Ms. Fambro made statements to Attorney Patterson that appellant claims constitute evidence that the phone records used in his criminal case could not have had a relationship to appellant's address.

{¶ 6} In addition, in 2018, Attorney Patterson's legal assistant, Linda Head ("Ms. Head"), reviewed the entire physical record of appellant's case on file with the clerk of courts. During this review, Ms. Head located four notes containing jury questions to the trial court and the corresponding answers. After this discovery, Ms. Head was taken ill and hospitalized with copies of the notes still in her possession. She was unable to advise appellant's counsel of her discovery until she returned to work in August 2018. In reviewing the transcript of the proceedings in appellant's

criminal case, she noted that it did not contain any memorialization of the jury questions and the court's answers.

{¶ 7} As a result of the discovery of the notes containing the jury questions and the court's answers and the possible evidence relating to the phone records and the probable cause for the search warrant, appellant sought to file a motion for new trial. On December 14, 2018, appellant filed (1) delayed motion for a new trial pursuant to Crim.R. 33(A)(1), (2), and (6) based on newly discovered evidence; and (2) motion for order finding he was unavoidably prevented from filing a motion for a new trial within the fourteen days after the verdict was rendered or within the 120 days after the verdict was rendered and motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(A)(1), (2), and (6) based on newly discovered evidence. In support of his motions, appellant submitted affidavits of Ms. Head, Attorney Patterson, and Ms. Jordan along with his own affidavit.

{¶ 8} The state filed a brief in response to appellant's motion that included an affidavit of Attorney Yelsky in which he averred that several paragraphs of Attorney Patterson's affidavit were materially false and denied saying "anything remotely close" to what Attorney Patterson stated.

{¶ 9} On May 21, 2019, following a status conference, the trial court requested supplemental briefing to address the issue of whether there was an unavoidable delay in obtaining the alleged new evidence to be used in support of appellant's motion for new trial. Appellant and the state subsequently submitted additional briefing on this issue.

{¶ 10} On June 24, 2019, the trial court denied appellant's motion for leave to file a motion for a new trial, finding that appellant did not demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence and filing his motion within the time provided by Crim.R. 33(B). With regard to the notes containing the jury questions and the court's answers, the trial court specifically found that the record of appellant's case had been available to the parties since November 7, 2016, and that, even though appellant himself was incarcerated, appellant was represented by counsel throughout his appeal, who had access to the record.

{¶ 11} The trial court held that appellant had not shown that he or his counsel exercised reasonable diligence in investigating the record from the time it was available until sometime in 2018 when Ms. Head conducted her review. Further, the trial court noted that appellant was aware of Ms. Jordan and Ms. Fambro's relevance to the case as their names had come up during the June 2016 suppression hearing, and appellant did not identify any impediments that would have prevented him from obtaining affidavits or statements from either of the women prior to 2018. The trial court therefore found that appellant failed to demonstrate that he was unavoidably prevented from discovering evidence challenging the search warrants or the phone records.

{¶ 12} Appellant filed the instant appeal on July 23, 2019, raising the following assignments of error for our review:

I.   The trial court erred in denying appellant's motion for new trial under Crim.R. 33 based on a finding that appellant was not unavoidably delayed in discovering previously undisclosed jury questions and the court's answers which were the basis for a motion for new trial.

II.   The trial court erred in denying appellant's motion for new trial under Crim.R. 33 based on a finding that appellant was not unavoidably delayed in discovering *Brady* violations which were the basis for a motion for new trial.

## II. Law and Analysis

{¶ 13} This court reviews the denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 11.  An abuse of discretion is not simply an error of law or judgment, but implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Yates*, 8th Dist. Cuyahoga No. 96664, 2011-Ohio-4962, ¶ 5.

{¶ 14} Under Crim.R. 33(A), a new trial may be granted on motion of the defendant for any of the following causes materially affecting his or her substantial rights:

(1)   Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2)   Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

* * *

(6)   When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial * * *.

{¶ 15} A motion for new trial based upon grounds other than newly discovered evidence must be filed within 14 days after the verdict was rendered. Crim.R. 33(B). A motion for new trial based upon newly discovered evidence must be filed within 120 days after a verdict is rendered. *Id.* A party who fails to file a motion for new trial within the prescribed time frame must seek leave from the trial court to file a delayed motion for new trial. *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. The trial court may grant leave to file a delayed motion for new trial if the movant shows, by clear and convincing evidence, that he was unavoidably prevented from filing the motion for new trial or discovering the evidence and he sought leave within a reasonable time. *Id.* at ¶ 9-10. If a significant delay occurs, the trial court must ascertain whether the delay was reasonable under the circumstances or whether the movant provided an adequate explanation as to why the delay occurred. *Id.*

{¶ 16} The jury rendered its verdict on August 19, 2016, and appellant did not file his motion for leave to file a delayed motion for new trial until December 14, 2018. As this was well beyond the fourteen or 120-day time limits of Crim.R. 33(B), appellant's motion for leave must have established by clear and convincing evidence that he was unavoidably prevented from filing his motion or discovering the new evidence and that the motion for leave was filed within a reasonable time.

{¶ 17} In appellant's first assignment of error, he argues that the trial court erred by finding that he was not unavoidably delayed in discovering previously undisclosed jury questions and the court's corresponding answers.

## A. Discovery of the jury questions and the court's answers

{¶ 18} Appellant asserts that four notes with jury questions and court answers[3] that had not been previously disclosed to him were discovered when Attorney Patterson's legal assistant, Ms. Head, conducted a review of the physical court file. Appellant argues throughout his brief that he could not have known of the existence of these notes because they were not part of the record. Appellant contends that expecting his appellate counsel to be aware of the notes was comparable to requiring him to "find a needle in a haystack" because the notes accounted for only four pages in a file of over 2,400 pages.

{¶ 19} In support of his motion for leave, appellant submitted the affidavit of Ms. Head, who stated that she reviewed the physical court file of appellant's case in 2018 and discovered the notes at that time. After her discovery, Ms. Head stated that she was taken ill and hospitalized with the copies of the notes still in her possession. She was not able to inform Attorney Patterson of her findings until she returned to work in August 2018. It was at that time that she reviewed the transcript from appellant's case and determined that there was no memorialization of the notes.

{¶ 20} The trial court found that appellant did not present clear and convincing evidence that appellant was unavoidably prevented from discovering the notes containing the jury questions and the court's answers. Clear and convincing

---

[3] Appellant states in his brief that there were three jury questions and court responses and one response without an accompanying question.

evidence is the amount of proof that '"will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" *In re K.W.,* 8th Dist. Cuyahoga No. 106039, 2018-Ohio-1096, ¶ 14, quoting *In re Awkal,* 95 Ohio App.3d 309, 315, 642 N.E.2d 424 (8th Dist.1994), fn. 2, citing *Lansdowne v. Beacon Journal Publishing Co.,* 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979 (1987).

{¶ 21} A defendant is "unavoidably prevented" from filing a timely motion for new trial "when the defendant (1) had no knowledge of the existence of the grounds supporting the motion for new trial, and (2) could not have learned, in the exercise of reasonable diligence, of the existence of those grounds within the prescribed time." *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 16-17, citing *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 11. The trial court held that appellant had not demonstrated that he or his counsel exercised reasonable diligence in investigating the record on appeal during the extensive time that it was available.

{¶ 22} As noted by the trial court, Ms. Head stated very generally in her affidavit that she discovered the notes "in 2018"; the record had been available to appellant and his counsel since November 7, 2016. Appellant's motion did not identify any reason why the record had not been examined between that date and the time "in 2018" when Ms. Head conducted her review. In Ms. Head's affidavit, she does not claim that she was prevented from examining the file any earlier than she did or cite any other impediments to her review of the file.

{¶ 23} Appellant stated in his affidavit in support of his motion that Attorney Patterson "litigated [his] appeal to the Eighth Appellate District of Cuyahoga County in Case No. CA-16-104997 * * * and litigated [his] Notice of Appeal and Memorandum in Support of Jurisdiction in a Discretionary Appeal to the Ohio Supreme Court in Case No. 2018-0363." Attorney Patterson was therefore involved in the case prior to Ms. Head's review of the physical record of the appeal in 2018 and could have reviewed the record long before that time.

{¶ 24} R.C. 2945.10(G) requires the "[w]ritten charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case." The statute does not provide any requirements that a trial court must adhere to when regarding jury questions and responses. However, appellant acknowledged in his brief that the trial court "physically placed [the jury questions and answers] in the court's file which was subsequently sent over to the Court of Appeals." Accordingly, the jury questions and the court's responses thereto were a part of the file that was available for appellate counsel to review since November 7, 2016. *See, e.g., State v. Blanda,* 12th Dist. Butler No. CA2013-06-109, 2014-Ohio-2234, ¶ 22-25. Simply because Attorney Patterson and/or his assistant did not examine the court's file until 2018 does not mean that the jury questions and court responses were not a part of the record in existence and readily available to appellant and his counsel.

{¶ 25} Based on the record before this court, we find that appellant has not presented clear and convincing evidence to show that appellant or his counsel, with

due diligence, could not have investigated the record on appeal and therefore, appellant has not established that he was unavoidably prevented from filing his motion. Accordingly, we cannot say that the trial court abused its discretion when it denied appellant's motion for leave to file a delayed motion for new trial. Appellant's first assignment of error is without merit and is therefore overruled.

## B. Evidence relating to search warrants and phone records

{¶ 26} In his second assignment of error, appellant argues that the trial court erred in denying appellant's motion for new trial under Crim.R. 33 based on a finding that appellant was not unavoidably delayed in discovering evidence of *Brady* violations that were the basis for appellant's motion for new trial.

{¶ 27} Appellant asserts that he has obtained information relevant to the procurement of the search warrants utilized in appellant's case and evidence challenging the phone records' link to his street address. Specifically, appellant contends that, based upon Attorney Patterson's conversation with Attorney Yelsky, he has evidence that the confidential informant did not sign a proffer or participate in a photo lineup and that the detectives falsified facts in order to mislead the court into issuing the search warrant.[4] In addition, appellant asserts that, through conversations with Ms. Jordan and Ms. Fambro, Attorney Patterson discovered

---

[4] The state disputes Attorney Patterson's assertions and presented the affidavit of Attorney Yelsky in support of their brief opposing appellant's motion, who denied the statements in Attorney Patterson's affidavit. The trial court noted that possible false statements by Attorney Patterson in his affidavit were concerning but did not weigh the credibility of the affidavits because it held that the affidavits on their face did not demonstrate that appellant was unavoidably prevented from filing his motion.

evidence that the phone records obtained by the police and used in his criminal case could not have had a relationship to appellant's address.

{¶ 28} We find that appellant's motion did not demonstrate clear and convincing evidence that appellant was unavoidably prevented from discovering the evidence relating to the search warrant or the phone records. Attorney Patterson stated in his affidavit that he investigated the circumstances surrounding appellant's criminal case "for the purpose of raising the most viable issues *on direct appeal*, and/or to advocate and exhaust all probable post-conviction remedies for [appellant]." (Emphasis added.) Accordingly, Attorney Patterson acknowledged that he investigated the case during the pendency of appellant's direct appeal. The opinion for appellant's direct appeal was issued on January 25, 2018; however, Attorney Patterson's contact with Ms. Jordan did not take place until March 2018, his conversation with Attorney Yelsky did not occur until May 2018, and he did not speak with Ms. Fambro until July 2018.

{¶ 29} Appellant did not identify any impediments that would have prevented Attorney Patterson from having these conversations or from obtaining Ms. Jordan's affidavit or Ms. Fambro's statement earlier. Ms. Jordan, Ms. Fambro, the confidential informant, and the basis for the GPS warrant were all mentioned at the suppression hearing that was held on June 1, 2016.

{¶ 30} "It is the duty of the criminal defendant and his trial counsel to make a serious effort, on their own, to discover potential, favorable evidence." *Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, at ¶ 31, citing *State v. Williams*, 8th

Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 9. Claims that evidence was undiscoverable simply because the defense did not take the necessary steps earlier to obtain the evidence do not satisfy the requisite standard. *State v. Anderson*, 10th Dist. Franklin No. 12AP-133, 2012-Ohio-4733, ¶ 14; *see also State v. Golden*, 10th Dist. Franklin No. 09AP-1004, 2010-Ohio-4438, ¶ 15. Moreover, "[t]he phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 11.

{¶ 31} Because appellant has not presented clear and convincing evidence to show that he or his counsel, with reasonable diligence, could not have learned of the evidence relating to the search warrant or the phone records earlier, appellant has not established that he was unavoidably prevented in obtaining this evidence. As the affidavits submitted by appellant do not satisfy the required clear and convincing standard, we cannot say that the trial court abused its discretion when it denied appellant's motion for leave to file a delayed motion for a new trial. Appellant's second assignment of error is overruled.

{¶ 32} Finally, we note that appellant appears to raise two other instances in which the trial court abused its discretion in ruling on his motion. Specifically, appellant states that the trial court abused its discretion by not holding a hearing on appellant's motion and by not recusing itself and reviewing its own allegedly improper conduct with regard to the jury questions and the court's answers. Neither of these arguments were set forth as assignments of error or separate issues. The

propositions were simply mentioned in the statement of facts section of appellant's brief and as an aside in his argument regarding his first assignment of error without any further explanation or supporting authority.

{¶ 33} App.R. 12 outlines the parameters of the appellate court's exercise of its reviewing powers and provides that a court of appeals is not required to consider errors that were not separately assigned and argued, as required by App.R. 16(A). *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 341, 496 N.E.2d 912 (1986). "[E]rrors not specifically pointed out in the record and separately argued by brief may be disregarded." *State v. Hill*, 8th Dist. Cuyahoga No. 70930, 1997 Ohio App. LEXIS 3006, 12 (July 10, 1997), citing *C. Miller Chevrolet v. Willoughby Hills*, 38 Ohio St.2d 298, 313 N.E.2d 400 (1974).

{¶ 34} We find that appellant's brief did not present any argument or authority in support of the above-noted propositions, and we decline to craft an argument for him. Accordingly, appellant's assertions regarding the trial court's refusal to hold a hearing or recuse itself shall be disregarded.

### III. Conclusion

{¶ 35} Appellant failed to demonstrate that the trial court abused its discretion in finding that appellant was not unavoidably prevented from discovering either the notes containing jury questions and the court's answers or the claimed evidence of *Brady* violations within the time provided by Crim.R. 33(B).

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR