ORIGINAL ACTION JOURNAL ENTRY and OPINION
{¶ 1} Relator, Eugene Sawyer, was found guilty by a jury and convicted in State v. Sawyer, Cuyahoga County Court of Common Pleas Case No. CR-415422 of corrupting another with drugs, a felony of the second degree, and child endangerment resulting in serious physical harm to the victim, a felony of the third degree. The charges arose from allegations made by a fourteen-year-old relative that Sawyer had offered her crack cocaine and that she had used the drug with him on a number of occasions. On appeal, this court affirmed in part and reversed in part, remanding the case with instructions to revise the judgment of conviction for child endangering to a first degree misdemeanor and to resentence Sawyer. State v. Sawyer, Cuyahoga App. No. 81133, 2003-Ohio-1720.
 {¶ 2} This court affirmed the denial of his motion for an order finding that he was prevented from participating in discovery in which he asserted that the victim's recantation was "new evidence." State v. Sawyer, Cuyahoga App. No. 84487,2004-Ohio-6911. This court also affirmed the denial of his "motion for court order finding that he was unavoidably prevented from discovery of evidence." State v. Sawyer, Cuyahoga App. No. 85911, 2005-Ohio-6486. Sawyer supported this motion with the same affidavit of the victim as used in his prior motion as well as the victim's probation records which reflected that the victim's urine screens from February 27, 2001 through May 30, 2001 were negative. The indictment alleged that the period of the offense was from February 2001 to July 2001. "[Sawyer] further alleged in the motion that he sought to obtain the results of his own urine tests from the Cuyahoga County Children Services, but as of the time he filed the motion his requests were unanswered." Id. at ¶ 8.
 {¶ 3} In this original action, Sawyer asserts that he is entitled to relief in mandamus compelling respondent Cuyahoga County Department of Children and Family Services ("CCDCFS") [misnamed in the complaint as "Cuyahoga County Children Services"] to make available for inspection and copying records reflecting the results of his own urine tests from May and June 2001. Respondent has filed a motion for summary judgment. Relator has not opposed the motion despite this court's having granted relator's motion for extension of time to file a response to the motion for summary judgment. For the reasons stated below, we grant respondent's unopposed motion for summary judgment and deny Sawyer's request for relief.
 {¶ 4} Respondent argues that Sawyer is not entitled to relief in mandamus because he has exhausted his direct appeals.
"* * * [A] defendant in a criminal case who has exhausted the direct appeals of his or her original conviction may not use R.C.149.43 in an attempt to obtain public records which will be used to support post-conviction relief. State ex rel. Steckman v.Jackson (1994), 70 Ohio St. 3d 420, 639 N.E.2d 83."
Pinkava v. Euclid Meridia Hosp. (Nov. 4, 1999), Cuyahoga App. No. 76891, at 2. In the complaint, Sawyer states that "[t]he urine test and the dates are crucial in Relator's appeal that is pending before this Honorable Court, STATE OF OHIO v. SAWYER
(Cuy App. #85911)." (Punctuation and capitalization in original.) As noted above, Case No. 85911 was Sawyer's appeal from the denial of his "motion for court order finding that he was unavoidably prevented from discovery of evidence." To the extent that Sawyer is attempting to gain access to records to support his efforts to secure postconviction relief, we must deny Sawyer's request for relief in this action. See, e.g., State exrel. Sevayega v. Reis, 88 Ohio St.3d 458, 459, 2000-Ohio-383,727 N.E.2d 910.
 {¶ 5} Respondent did not, however, cite R.C. 5153.17, which provides:
"The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code [which pertains to confidentiality of adoption proceedings], shall be open to inspection by the agency, the director of the county department of job and family services, and by other persons, upon the written permission of the executive secretary."
This leaves the question whether records which are "confidential under R.C. 5153.17 are also exempt from disclosure under R.C. 149.43.
 {¶ 6} In State ex rel. Munici v. Kovacic (June 15, 1994), Cuyahoga App. No. 64818, the relator requested that this court issue a writ of mandamus compelling the chief of police of the City of Cleveland to make available the records of certain criminal investigations. The city asserted that R.C. 2151.421
prohibited the release of certain records. R.C. 2151.421 "governs the reporting and investigation of child abuse, and subsection (H)(1) provides in pertinent part: `Any report made under this section is confidential.'" Id. at 23. The Munici court observed, however, that R.C. 2151.421 pertains to reports by the social service agency, not the police department.
"In State ex rel. Renfro v. Cuyahoga County Department ofHuman Services (1990), 54 Ohio St.3d 25, 27, 560 N.E.2d 230, the Ohio Supreme Court ruled that "R.C. 2151.421(H)(1) clearly removes child abuse investigation reports compiled under the statute from the mandatory disclosure provisions of R.C. 149.43(B)." However, Renfro did not concern police criminal investigatory records. The disputed records were records of an investigation conducted by the Cuyahoga County Department of Human Services to determine if foster parents had abused their charge."
Id. at 26-27. The logic of Munici suggests that the records mentioned in R.C. 5153.17 and declared to be "confidential" are also not subject to the mandatory disclosure provisions of R.C.149.43.
 {¶ 7} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Blackmon, J., concurs.
 Sweeney, J., concurs.