[Cite as *100885*, 2014-Ohio-5138.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100885**

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### DEAUNTE R. BULLITT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565262-C

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEY FOR APPELLANT**

David H. Brown
The Gehring Building
1956 West 25th Street, Suite 302
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Erica Barnhill
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant Deaunte Bullitt appeals from his conviction for drug trafficking with attendant major drug offender, juvenile, and forfeiture specifications. For the following reasons, we affirm.

{¶2} A jury found Bullitt guilty of several charges, after a joint trial with his codefendant Jerael Dues, for which the trial court sentenced Bullitt to an 11-year aggregate term of imprisonment. Bullitt was convicted of drug trafficking in violation of R.C. 2925.03(A)(2), along with major drug offender, juvenile, and forfeiture specifications; possession of that drug (merged with the trafficking charge at sentencing); possession of criminal tools; and tampering with evidence. The controlled substance was cocaine equaling or exceeding 100 grams. Bullitt was charged with, but not found not guilty of, trafficking and possessing heroin as well. The trial court sentenced Bullitt to 11 years on the trafficking charge, the longest prison term imposed for the guilty verdicts entered on the multiple counts, ordered to be served concurrently.

{¶3} Before the verdict and sentencing, when instructing the jury on the trafficking count, the trial court stated that the jury must find Bullitt guilty of knowingly preparing for shipment, shipping, transporting, delivering, or distributing a controlled substance. The court further instructed that the "drug involved in the violation as to Count 1 is cocaine * * *, and the amount of the drug involved equals or exceeds 100 grams * * *."

{¶4} The trial court's written instructions, which were provided to the jury for use during deliberations, contrasted with the oral instructions. The written instructions stated that the jury must find "beyond a reasonable doubt that * * * the controlled substance was intended for sale or resale by the offender or another person *and* the drug involved in the violation is cocaine * * * and the amount of the drug involved equals or exceeds 100 grams." (Emphasis added.)

Evidently, in orally instructing the jury, the trial court inadvertently omitted the above-emphasized conjunction between the description of trafficking and the drug involved, both of which the jury must determine before finding Bullitt guilty.

{¶5} In his sole assignment of error, Bullitt contends that because of the omission of the conjunction, the oral jury instruction impermissibly relieved the state of its burden to prove beyond a reasonable doubt that the controlled substance introduced into evidence was cocaine weighing 100 grams or more. According to Bullitt, the jury was instructed that the controlled substance was undisputedly determined to be cocaine exceeding 100 grams and the jury was without discretion to determine whether the state proved that element of the trafficking charge beyond a reasonable doubt. We find no merit to Bullitt's sole assignment of error.

{¶6} A trial court is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72. Jury instructions must be viewed as a whole to determine whether they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984).

{¶7} Further, it is undisputed that Bullitt failed to object to the challenged jury instruction. "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, 3 N.E.3d 135, ¶ 29, quoting Crim.R. 30(A). In order for "a court to notice plain error, the error must be an obvious defect in a trial's proceedings, it must have affected substantial rights, and it must have affected the outcome of the trial." *Id.*, citing *State v.*

*Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, ¶ 11, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.

{¶8} Bullitt's argument critiques one paragraph from almost 40 transcript pages memorializing the jury instructions. He further ignores the written instructions that accompanied the jury during deliberation and at least three other occasions when the trial court set forth the burden of proof, in respect to the proof of the type and weight of the drug, precisely as required. Jury instructions must be considered as a whole. Even if the court's oral statement regarding Count 1 was erroneous for omitting the conjunction between the trafficking and controlled substance descriptions, arguably implying that the controlled substance was undisputedly determined to be cocaine weighing more than 100 grams, the trial court followed that statement with several others clarifying that the jury was to determine whether the state proved beyond a reasonable doubt every element of the trafficking charge, including the weight and type of the controlled substance admitted into evidence.

{¶9} For example, in discussing the cocaine trafficking count further, the court instructed:

> You will determine from these facts and circumstances whether there existed at the time in the mind of the defendants an awareness of the probability that they [trafficked] * * * a substance containing cocaine, and the amount of the drug involved equals or exceeds 100 grams of cocaine * * *.

Tr. 720:10-18. In explaining the major drug offender specification attached to the drug trafficking count, on which the jury also found Bullitt guilty, the trial court further explained that the jury must "make an additional finding as to whether the amount of cocaine involved in Count 1 was or was not in an amount which equals or exceeds 100 grams of cocaine and indicate such finding on the further finding verdict form." Tr. 723:8-13. Finally, the written jury instructions correctly stated that the jury, before rendering a guilty verdict on that count, must not only find

that Bullitt knowingly prepped or possessed drugs for sale or shipment, but also that the drug was cocaine and equaled or exceeded 100 grams.

{¶10} More important, the only testimony provided at trial on the type and amount of drug was presented by the state's forensic chemist. The chemist testified that testing revealed the substance at issue was cocaine, weighing 100.76 grams. Neither Bullitt nor his codefendant Dues ever contested this finding. In fact, Bullitt never cross-examined the chemist, and Dues only questioned her regarding whether the chemist was aware of where the substances were collected, apparently an issue raised in his defense. Further, during closing arguments both defendants referenced the substance as being cocaine exceeding 100 grams as an undisputed fact. *See* tr. 766:22-24; 769:18-19; 770:15-16; 779:24-25. The weight and type of drug were simply not contested issues during the trial.

{¶11} Finally, in returning the verdict, the jury specifically stated:

> We the jury in this case, with respect to Deaunte R. Bullitt, being duly impaneled and sworn, do find the defendant, Deaunte R. Bullitt, guilty of trafficking in violation of 2925.03 subsection (A)(2) as charged in Count 1 of the indictment. There are 12 signatures affixed to the verdict form.
>
> With respect to the further finding, amount of controlled substance, We the jury find beyond a reasonable doubt the amount of cocaine involved in Count 1 was an amount which equals or exceeds 100 grams of cocaine.

Tr. 810:3-15. Accordingly, Bullitt was not prejudiced by any omission of the conjunction in the first of several instructions dealing with the burden of proof for trafficking cocaine at least equaling 100 grams. According to the record transcript, the verdict forms included the specifications separately, for which Bullitt was also found guilty.[1] The jury specifically found,

---

[1]We note that the jury verdict forms, filed on December 5, 2013, were originally not transmitted along with the record for the current appeal. Having raised no issues with the content of the forms, read verbatim in disclosing the verdict, the transcript memorialization sufficed for the

based on the totality of the jury instructions, that all elements of the trafficking charge had been proven beyond a reasonable doubt.

{¶12} In consideration of the jury instructions in their totality, the trial court did not relieve the state of its burden to prove beyond a reasonable doubt that the drug involved was cocaine equaling or exceeding 100 grams. Further, even if we could find error with one aspect of the jury instructions, any omission of the conjunction in the trial court's oral description of the elements of the trafficking in cocaine count was not prejudicial. The trial court instructed the jury at least three more times regarding the state's burden to prove the trafficking charge, which included the requirement that the jury determine whether the drug involved was cocaine equaling or exceeding 100 grams in weight, and Bullitt conceded the amount and type of drug issue during closing arguments to the jury. We find no merit to Bullitt's sole assignment of error.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

purposes of appellate review. *See State v. Calwise*, 7th Dist. Mahoning No. 00 CA 77, 2003-Ohio-3463, ¶ 34 (the failure to file the verdict forms is not reversible error where transcript of proceedings indicates the content of the forms was read into the record and there is no dispute regarding any disparities).

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR