[Cite as *State v. Bullitt*, 2016-Ohio-4868.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103798**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAUNTE BULLITT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565262-C

**BEFORE:** Stewart, J., Jones, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 7, 2016

**FOR APPELLANT**

Deaunte Bullitt, pro se
Inmate No. 651113
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Deaunte Bullitt, pro se, appeals from the denial of his motions to vacate his conviction, release public records, and preserve evidence. For the following reasons, we affirm the decision of the trial court.

{¶2} In December 2013, Bullitt was found guilty by a jury of drug trafficking, drug possession, possessing criminal tools, and tampering with evidence. He was sentenced to an 11-year prison term. On direct appeal, Bullitt raised a single assignment of error challenging the court's jury instructions. This court affirmed his convictions in *State v. Bullitt*, 8th Dist. Cuyahoga No. 100885, 2014-Ohio-5138.

{¶3} Following his direct appeal, Bullitt filed several pro se motions with the trial court. In May 2015, Bullitt filed a motion to set aside his judgment of conviction and sentence. In the motion, Bullitt argued that his trial counsel was ineffective for numerous reasons; that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment; and that the evidence against him was based on perjured testimony. In October, Bullitt filed a motion asking the court to compel the release of certain public records. Specifically, Bullitt wanted a recording of police radio chatter recorded in the minutes leading up to his arrest. Lastly, in November 2015, Bullitt filed a motion to compel/preserve evidence in which he asked the court to order the Cuyahoga County Sheriff's Department and the Richmond Heights Police Department to preserve

evidence against him so that it could be fingerprinted and tested for his DNA. All three motions were denied by the trial court in a single order on November 10, 2016.

{¶4} Bullitt now appeals from that order by raising five assignments of error, some of which raise arguments not addressed in his original motions. We decline to review the assigned errors because all three motions were properly denied on procedural grounds.

{¶5} Bullitt's motion to vacate or set aside the judgment of conviction and sentence was brought pursuant to Ohio's postconviction relief statute, R.C. 2953.21. Under the statute, petitioners have 365 days "after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction" to file a postconviction petition alleging constitutional violations. *See* R.C. 2953.21(A)(2). Failure to timely file a petition under this section jurisdictionally bars the trial court from reviewing the petition. *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 14. The only exceptions to the 365-day filing deadline are found in R.C. 2953.23(A), which states:

> (A)  Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1)  Both of the following apply:
>
> (a)   Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to

present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

**{¶6}** In this case, the trial record was filed with the court of appeals on February 10, 2014. Bullitt did not file his petition for postconviction relief until May 7, 2015. Accordingly, Bullitt missed the 365-day filing deadline. Bullitt does not argue that any exceptions to the filing deadline found in R.C. 2953.23(A) apply to his case. Therefore, the court correctly denied the motion on jurisdictional grounds.

**{¶7}** Bullitt's motion to compel the release of public records was also properly denied. Bullitt asked the court to compel the release of certain evidence including a recording of radio chatter taken on the day of his arrest, asserting that the evidence was exculpatory and would prove his innocence. He brought this motion pursuant to R.C. 149.43, the statute outlining the availability and procedures for requesting public records. The Supreme Court of Ohio has made clear that "'[a] defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief.'" *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657, quoting *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 8th Dist. Cuyahoga No. 86436, 2006-Ohio-395. Because Bullitt was attempting to use R.C. 149.43 as a means of gathering evidence to support his postconviction petition, the trial court correctly denied the motion.

**{¶8}** Lastly, the trial court did not err when it denied Bullitt's motion to compel and preserve evidence so that it may be fingerprinted and tested for Bullitt's DNA. Bullitt brought this motion pursuant to R.C. 2933.82. This provision pertains solely to the preservation of "biological material that was in possession of any governmental evidence retention entity during investigation and prosecution of any case or delinquent child case * * *" involving a first- or second-degree felony homicide offense, a sexual assault offense, or an attempted rape. *See id.* Because Bullitt's convictions did not include any such offenses, the court properly denied the motion.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR