[Cite as *State v. Bullitt*, 2022-Ohio-1591.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :

                                               No. 110985

    v.                                          :

DEAUNTE BULLITT,                               :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 12, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-565262-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Deaunte Bullitt, *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Deaunte Bullitt ("Bullitt"), appeals the denial of a postconviction motion to vacate his conviction and sentence. He claims the following error:

The trial court erred in failing to afford appellant Bullitt the relief sought in his motion to vacate void conviction and sentence, in violation of his rights to the 14th Amendment of the United States Constitution and Article I, Section 14 of the Ohio Constitution.

Bullitt's assertion involves a postconviction claim of voidable error that may only be corrected in a direct appeal. We, therefore, affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} In August 2012, Bullitt was charged with drug trafficking, drug possession, possessing criminal tools, and tampering with evidence. The drug trafficking and drug possession charges alleged in Counts 1 and 2 of the indictment included major drug offender specifications. Bullitt was subsequently convicted by a jury on all counts, and the trial court sentenced him to an 11-year prison term. Bullitt filed a direct appeal, raising a single assignment of error challenging the court's jury instructions, and this court affirmed his convictions. *State v. Bullitt*, 8th Dist. Cuyahoga No. 100885, 2014-Ohio-5138.

{¶ 3} Following his direct appeal, Bullitt filed numerous challenges to his convictions, all of which were either denied or dismissed. *See State v. Bullitt*, 8th Dist. Cuyahoga No. 100885, 2015-Ohio-3136 (application to reopen denied); *State v. Bullitt*, 8th Dist. Cuyahoga No. 103638, 2016-Ohio-410 (public records mandamus denied); *State v. Bullitt*, 8th Dist. Cuyahoga No. 103774, 2016-Ohio-945 (mandamus seeking new trial dismissed); *State v. Bullitt*, 8th Dist. Cuyahoga No. 103720, 2016-Ohio-3179 (mandamus to compel evidence dismissed); *State v. Bullitt*, 8th Dist. Cuyahoga No. 103798, 2016-Ohio-4868 (denial of motion to vacate

conviction and to compel evidence affirmed). Bullitt also appealed the denial of a "motion for determination" and a "motion to proceed with judgment," but this court dismissed the appeal on grounds that the issues presented therein were barred by res judicata. *See State v. Bullitt*, 8th Dist. Cuyahoga No. 107224, Motion No. 517833 (May 29, 2018).

{¶ 4} In March 2021, Bullitt filed another postconviction motion to vacate his convictions and sentence, arguing the trial judge erred by allowing the jury to determine his guilt on the major drug offender specifications instead of making that determination himself as required by the applicable statute. The trial court denied the motion on grounds that it was barred by res judicata. Bullitt now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 5} In his sole assignment of error, Bullitt argues the trial court erred in denying his postconviction motion to vacate his convictions and sentence. He contends the motion should have been granted because the trial court erred by allowing the jury to make a finding of guilt on the major drug offender specifications when the statute required that determination be made by the trial judge. He further asserts that by instructing the jury to make determinations that it was not authorized to make, the trial court violated his constitutional rights to due process, equal protection, and to a fair trial.

{¶ 6} Bullitt's motion to vacate his conviction and sentence is a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to

a direct appeal; (2) claimed a denial of constitutional rights; (3) sought to render the judgment void; and (4) asked for a vacation of his convictions and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Ali*, 8th Dist. Cuyahoga No. 110624, 2021-Ohio-4303, ¶ 10.

{¶ 7} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Bullitt's ability to collaterally attack his sentence depends on whether his convictions and sentence are void or voidable because "a voidable judgment may be set aside only if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 131 N.E.3d 1, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 26. "And when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.*

{¶ 8} A reviewing court generally reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. However, whether the trial court possessed subject-matter jurisdiction to entertain a petition for postconviction relief is a question of law subject to de novo review. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24. In a de novo review, we review the merits of the case independently, without any deference to the trial court. *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, ¶ 21.

{¶ 9} Subject-matter jurisdiction refers to the court's constitutional or statutory power to adjudicate a case. *Harper* at ¶ 23. R.C. 2931.03 gives the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This includes subject-matter jurisdiction over felony cases. *Henderson* at ¶ 35. It is undisputed that Bullitt was charged with and convicted of felony offenses in this case. Therefore, the trial court had subject-matter jurisdiction to adjudicate this case.

{¶ 10} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *Henderson* at ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927). Bullitt does not dispute that the trial court had personal jurisdiction to render a valid judgment against him.

{¶ 11} In *Henderson*, the Ohio Supreme Court held that "[i]f the court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 37. A trial court's judgment is only void if the court lacked personal or subject-matter jurisdiction. *Id.*; *Harper* at ¶ 42. Because the trial court had personal and subject-matter jurisdiction over Bullitt, any error based on that jurisdiction is voidable rather than void. As previously stated, a voidable judgment may only be set aside if successfully challenged on direct appeal. *Harper* at ¶ 26.

{¶ 12} Bullitt contends the trial court violated his constitutional rights by allowing the jury to make a finding of guilt on the major drug offender specifications attendant to the drug trafficking and drug possession charges in this case. This argument could have been raised on direct appeal. In *Henderson*, the court explained that "[t]he failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17. Thus, "[i]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also Boler v. Hill*, Slip Opinion No. 2021-1073 (Postconviction petition was properly dismissed as barred by res judicata where defendant failed to demonstrate that his conviction was void because he did not contest the trial court's personal or subject-matter jurisdiction.).

{¶ 13} The judgment of conviction and sentence in this case was voidable because the trial court had personal jurisdiction over Bullitt and subject-matter jurisdiction over his felony case. Bullitt failed to timely object to the trial court's decision to allow the jury to determine his guilt with respect to the major drug offender specification. He has, therefore, forfeited any error in that regard, and the trial court properly denied his motion to vacate his convictions and sentence on grounds that it was barred by res judicata.

**{¶ 14}** The sole assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR