[Cite as *State v. Bullitt*, 2023-Ohio-1899.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                    No. 112168

    v.                                        :

DEAUNTE BULLITT,                            :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-565262-C

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellant.*

Deaunte Bullitt, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Deaunte Bullitt appeals the trial court's denial of his motion for leave to file a delayed motion for new trial based on newly

discovered evidence. Because the trial court did not abuse its discretion in denying the motion, we affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} In December 2013, Bullitt was tried with his codefendant Jerael Dues on various drug-related charges. Bullitt was convicted of drug trafficking with major drug offender, juvenile, and forfeiture specifications; possession of drugs; possession of criminal tools; and tampering with evidence. The trial court imposed a prison term of 11 years, and we affirmed Bullitt's convictions. *State v. Bullitt*, 8th Dist. Cuyahoga No. 100885, 2014-Ohio-5138. Dues was also convicted of several offenses, which convictions were affirmed on appeal. *State v. Dues*, 2014-Ohio-5276, 24 N.E.3d 751 (8th Dist.). We summarized the facts presented at trial in Dues's appeal as follows:

> At trial, the police officers testified to the following events. On July 19, 2012, three members of the Cuyahoga County Sheriff's Impact Unit, along with Detective Darren Porter from the Richmond Heights Police Department, went to Dues's apartment in Richmond Heights. The apartment was on the third floor of the Richmond Park Apartments. The officers were there to execute a warrant for the arrest of Dues relating to a misdemeanor assault charge.

> Upon arrival, the officers heard loud music and people talking inside the apartment. They knocked on the door and identified themselves as police officers. The music was turned down and someone looked out from the door's peephole. The officers heard people running around and dishes clanging together. Detective Brian Nolan started to bang on the door and again announced the presence of the police. Hearing the commotion, a resident from the next unit came out. Because the apartments have adjacent balconies, Detective Scott Vargo asked for permission to go to the neighbor's balcony to observe Dues's apartment. The neighbor gave Detective Vargo consent to enter her apartment.

As soon as Det. Vargo went to the neighbor's balcony, he saw a male, later identified to be Bullitt, throwing a box off Dues's balcony. Bullitt then grabbed the rail with both hands and looked down at the rail. Unsure if Bullitt was going to jump, Det. Vargo ordered Bullitt to lay down on the balcony and yelled to the other officers that a male was throwing items off Dues's balcony. The other three officers then quickly forced their way into Dues's apartment. They found Dues sitting on the couch in the living room. Sgt. Scott Hirko ran to the balcony area and arrested Bullitt, and Det. Porter took Dues into custody as well.

Det. Porter then searched the ground below Dues's balcony and found a bag of drugs inside a "GoodSense" sandwich bag box, which later tested to be approximately 100 grams of crack cocaine. Det. Porter also found, 30 feet away, a bag with a large amount of cash, later determined to be $22,000.

Based on the discovery of the drugs and cash, the officers obtained a warrant to search Dues's apartment, where his girlfriend and three-year-old son also resided. The officers found drugs and drug paraphernalia throughout the apartment. In the kitchen, they found (1) a bag of heroin in the cupboard, (2) a plastic plate with cut marks and white residue — indicative of its use in cutting, separating, and weighing crack cocaine, (3) two bottles of whey protein — a supplement often used as "cut material" in preparing cocaine for sale, (4) a box of latex gloves — typically worn when cooking drugs to avoid contamination of the drug, (5) a digital scale in the garbage can in the kitchen, and (6) a large glass measuring bowl with a large amount of white residue — which later tested to be 4.21 grams of cocaine — in the dishwasher rack.

In addition, inside the child's bedroom were many small plastic bags with blue stars on them — consistent with the packaging of heroin. In the closet in the master bedroom was an empty, open safe.

*Id.* at ¶ 3-8.

{¶ 3} Following Bullitt's direct appeal, he filed an application for reopening of his appeal, which application was denied. *State v. Bullitt*, 8th Dist. Cuyahoga No. 100885, 2015-Ohio-3136. Further, Bullitt filed several writs regarding his

convictions, all of which were dismissed. *State v. Bullitt*, 8th Dist. Cuyahoga No. 103638, 2016-Ohio-410; *State v. Bullitt*, 8th Dist. Cuyahoga No. 103774, 2016-Ohio-945; *State v. Bullitt*, 8th Dist. Cuyahoga No. 103720, 2016-Ohio-3179.

{¶ 4} Bullitt also sought postconviction relief in the form of various motions in the trial court. In 2016, we affirmed the trial court's denial of Bullitt's motion to set aside the judgment of conviction, motion to compel the release of public records, and motion to compel and preserve evidence. *State v. Bullitt*, 8th Dist. Cuyahoga No. 103798, 2016-Ohio-4868. In 2018, the trial court denied Bullitt's motions for determination and to proceed to judgment. This court dismissed his appeal of those judgments based upon res judicata. *State v. Bullitt*, 8th Dist. Cuyahoga No. 107224, Motion No. 517833 (May 29, 2018). In 2021, we affirmed the trial court's denial of Bullitt's successive petition for postconviction relief. *State v. Bullitt*, 8th Dist. Cuyahoga No. 110985, 2022-Ohio-1591.

{¶ 5} In May 2022, Bullitt obtained police reports from the Richmond Heights Police Department. In June 2022, Bullitt filed a motion for leave to file a delayed motion for new trial and a supplement to that motion. Bullitt argued that the state suppressed a Richmond Heights Police Department incident report. He attached a two-page incident report from the Richmond Heights Police Department that documented a complaint regarding drug activity concerning Dues. The report, Incident Number 12-01415, dated June 8, 2012, listed Dues as a subject and contained the following narrative:

> DET PORTER CONTACTED BY ANONYMOUS PERSON REGARDING ACTIVITY IN DORCHESTER J BUILDING, 135 CHESTNUT.
>
> A resident called RHPD [Richmond Heights Police Department] to report drug activity at Dorchester Village Apartments "J" building. The resident wanted to remain anonymous but did provide police with information on the activity.

Bullitt also argues on appeal that a second police report, Richmond Heights Police Department Incident No. 12-01836, dated July 19, 2012, was suppressed. The report, authored by Detective Darren Porter, reads in pertinent part:

> DET SGT PORTER REQUEST REPORT FOR ARREST @ 443 RICHMOND PART APT 322D – DOOR WAS FORCED OPEN- (2) IN CUSTODY AND DRUGS LOCATED INSIDE THE APT.

{¶ 6} In response to the motion, the state asserted that although it did not produce the June 8, 2012 report, it did not suppress evidence because the June 8, 2012 report was not material to Bullitt's trial and thus did not constitute *Brady* material that would be subject to disclosure. On appeal, the state disputes Bullitt's contention that the July 19, 2012 report was not provided in discovery.[1]

{¶ 7} The trial court denied Bullitt's motion for leave to file a motion for new trial.

---

[1] Our review of the record confirms that Bullitt's counsel had a copy of this report at trial. Exhibit J attached to Bullitt's motion for leave to file a delayed motion for new trial is an excerpt of the trial transcript. The exhibit includes cross-examination of Detective Porter that references Incident Report No. 12-01836.

## II. LAW AND ARGUMENT

### A. Assignment of error presented

{¶ 8}   Bullitt asserts the following assignment of error:

By denying defendant Bullitt's motion for leave to file a delayed motion for new trial, the trial court denied him his right to due process of law under the 14th Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution

{¶ 9}   Bullitt asserts that Detective Vargo fabricated his testimony at trial that he saw Bullitt throw a box from the balcony of the apartment. Bullitt argues this claim is supported by the lack of fingerprints or DNA evidence recovered on the box. Bullitt further claims that nothing was thrown from the balcony of the apartment. In support, he cites the July 19, 2012 report indicating that drugs were found in the apartment. Bullitt argues the import of these police reports supports his theory that police fabricated evidence in order to justify an illegal entry into Dues's apartment. He further asserts that the June 8, 2012 police report could have been used to impeach Det. Vargo's testimony and bolster his defense that police officers had a motive to fabricate testimony because there was an ongoing investigation against Dues.

{¶ 10} The state argues that the motion for leave was untimely filed, asserting that the police report was not *Brady* material subject to disclosure because it was not favorable evidence and does not lead to a probability that the outcome at trial would be different.

**B. Applicable law and standard of review**

{¶ 11} Crim.R. 33 provides that a defendant may file a motion for new trial. Crim.R. 33(B) provides a time frame in which a motion for new trial may be filed based upon newly discovered evidence as follows:

> (B) Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 12} Bullitt claimed that the June 2012 police report was not provided in discovery and, as such, was newly discovered evidence. Where a defendant asserts newly discovered evidence being relied upon to make a motion for new trial was suppressed, the defendant must make a prima facie case that he/she was unavoidably prevented from discovery of the material when the trial court considers whether the motion for new trial was timely under Crim.R. 33. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 2. A defendant establishes a *Brady* violation "'by showing that the favorable [but suppressed] evidence could

reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Id.* at ¶ 21, quoting *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *see also State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 36 (Suppressed evidence that "illuminated a substantial hole in the state's theory of its case" was sufficient to grant defendant leave to file a motion for new trial.).

{¶ 13} Appellate review of a trial court's ruling on a motion for leave to file a motion for a new trial is conducted under an abuse-of-discretion standard. *State v. Townsend*, 10th Dist. Franklin No. 08AP-371, 2008-Ohio-6518, ¶ 8, citing *State v. Pinkerman*, 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist.1993), citing *State v. Wright*, 2d Dist. Greene No. 90 CA 135, 1992 Ohio App. LEXIS 1762 (Mar. 31, 1992).

{¶ 14} A court abuses its discretion when it "exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *State v. McFarland*, 8th Dist. Cuyahoga No. 111390, 2022-Ohio-4638, ¶ 20, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "In other words, '[a] court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices.'" *Id.* at ¶ 20, quoting *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. Further, an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## C. The trial court did not abuse its discretion by denying the motion for leave to file motion for new trial

{¶ 15} The state does not dispute that Detective Porter's June 8, 2012 report documenting a complaint of drug activity regarding Dues was not turned over to Bullitt in discovery. The state does dispute that the report was subject to disclosure under *Brady v. Maryland*, 373 U.S.83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* requires the state to produce evidence that is "favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). "'Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial.'" *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 154, quoting *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir.1994).

{¶ 16} At issue in this case is whether failure to disclose the June 8, 2012 report constituted a *Brady* violation and, if so, whether the police report "viewed in the context of the whole case, is sufficient to undermine confidence in the verdict." *Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 36. The police report details that Detective Porter received a complaint by a resident of Dues's apartment complex that drug activity was occurring one month prior to Bullitt's arrest. To be considered as *Brady* material, the report must be favorable to Bullitt and consist of exculpatory or impeaching information. *Greene* at 281-282. The

report of Dues's prior drug activity might be considered favorable to Bullitt because it implicates Dues in ongoing drug activity without mentioning Bullitt. However, the report is not exculpatory to the charges brought against Bullitt at trial; it did not address the facts and circumstances of the charges brought against him. Further, the report did not contradict the police officers' testimony. *See Wallace v. Ludwick*, E.D. Mich. No. 08-11747, 2009 U.S. Dist. LEXIS 77866, 11 (Aug. 31, 2009) ("Evidence is not exculpatory or impeaching under *Brady* where it does not contradict any testimony offered by the witness at trial.").

{¶ 17} Bullitt asserts that had the police report been disclosed, he would have used it to impeach Detective Vargo and to support his contention that the police officers had a motive to fabricate testimony. However, in light of the testimony at trial, such use of the police report and Bullitt's assertion is tenuous at best. That the police received a complaint of drug activity by Dues in the past does not contradict or impeach trial testimony, does not give rise to the conclusion that the police officers had a motive to fabricate evidence, and does not undermine confidence in the verdict rendered at trial. As such, the trial court did not abuse its discretion by denying leave to file a motion for new trial based on newly discovered evidence and the assignment of error is overruled.

## III. CONCLUSION

{¶ 18} Bullitt filed a motion for leave to file a delayed motion for new trial based upon newly discovered evidence. The newly discovered evidence supporting the motion for new trial was a police report implicating his codefendant in prior drug

activity that was not disclosed prior to trial.  The report did not implicate Bullitt in drug activity, did not contradict or impeach any police officer's testimony at trial, and did not give rise to the conclusion that police had a motive to fabricate evidence. Further, use of the report at trial in light of the context of the trial is not sufficient to undermine confidence in the verdict at trial.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR